■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FERGUSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shea, J.), rendered April 6, 1987, convicting him of robbery in the first degree (two counts), reckless endangerment in the second degree (two counts) and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

As we stated in *People v Liguori* (149 AD2d 624 [decided herewith]), even if we were to assume that the rule of *Batson v Kentucky* (476 US 79) applies to claims of discrimination on nonracial lines, the present record is entirely inadequate to support any claim that the prosecution's use of its peremptory challenges reflected such discrimination. We therefore need not decide whether the defendant Ferguson, who does not claim to belong to the same alleged "cognizable racial group" as his codefendant Liguori, has standing to raise a *Batson* claim similar to that advanced by Liguori on his appeal *(see, Batson v Kentucky, supra,* at 96; *cf., United States v Townsley,*

843 F2d 1070 [holding white codefendant may raise *Batson* issue based on peremptory challenges of black jurors since to allow same *Batson* claim to benefit black codefendant only would amount to denial of equal protection]).

We have examined the defendant's remaining contentions and find them to be without merit *(see, People v Liguori, supra).* Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.